Dear Senator Lerblance:
This office has received your request for an official Attorney General Opinion in which you ask, in effect, the following question:
 Is a member of an Oklahoma independent school district board of education that enters a guilty plea to a felony charge automatically disqualified from holding that office or can the board member serve until the plea is accepted by the court and the member sentenced?
 BACKGROUND
Your inquiry involves a school board member who has entered a guilty plea to a felony charge. The issue is whether the entering of the plea creates a vacancy on the school board. The election of members of a school district board of education is governed by the provisions of 70 O.S. 2001, § 5-107A[70-5-107A] and 26 O.S. 2001 Supp.2007, §§ 13A-101 — 13A-111.See 70 O.S. 2001, § 5-107A[70-5-107A]. There is no statute that applies specifically to school district board members and addresses disqualification of one entering a guilty plea to a felony charge. Rather, that determination is governed by the general provisions of Title 51, which deal with all offices elected under State law.
 ANALYSIS
Title 51 O.S. 2001, § 8[51-8] sets forth a list of events that cause a vacancy to occur for an office created under State law. Section 8 in pertinent part states:
 Every office shall become vacant on the happening of any one of the following events before the expiration of the term of such office:
 . . . .
 Fifth. Conviction in a state or federal court of competent jurisdiction of any felony or any offense involving a violation of his official oath; provided, that no conviction, as a cause of vacation of office, shall be deemed complete so long as an appeal may be pending, or until final judgment is rendered thereon. *Page 2 
 Sixth. Upon entering of a plea of guilty or nolo contendere in a state or federal court of competent jurisdiction for any felony or any offense involving a violation of his official oath.
Id. Thus, the Oklahoma Legislature established a list of events that triggers a vacancy in office. For purposes of your inquiry, paragraph six controls as it relates to an office holder entering a plea of guilty to a felony. It should be noted that paragraph five relates to an office holder who is convicted of a felony. In that situation, the office holder does not vacate his or her office under the provisions of 51 O.S. 2001, § 8[51-8] until the appeal is final or the final judgment is rendered.
Under the provisions of 51 O.S. 2001, § 8[51-8], it is the appointing authority that determines whether a vacancy has occurred. That section in pertinent part provides:
 The fact by reason whereof the vacancy arises shall be determined by the authority authorized to fill such vacancy. *Page 3 
Id. (emphasis added).
In a case involving the Governor and a corporation commissioner, the Oklahoma Supreme Court, in Nesbitt v. Apple, 891 P.2d 1235, 1241 (Okla. 1995), held that before an appointing authority can act to fill a vacancy, the appointing authority must make a factual determination concerning the reasons by which a vacancy has occurred, and if there is any dispute with respect to those facts, the incumbent office holder must be afforded minimal due process before the determination is made:
 For a Governor [or other appointing authority] to be entitled to act to fill a vacancy there must actually be a vacancy in an office. In order to implement the appointive authority given to the Governor (and others that have such authority by virtue of constitutional or statutory provision), the Legislature has set up an orderly procedure for filling a vacancy. Part of the procedure is a requirement that the Governor or other appointing authority make a substantive and real factual determination concerning the reason by which a vacancy has occurred. 51 O.S. 1991, § 8[51-8]. When the reason by which a vacancy is alleged to have occurred is disputed, it is our opinion that prior to making such a determination . . . there is a requirement that some type of minimal due process be afforded to the office holder.
Id. at 1241 (citation omitted) (emphasis added).
It is well-established law in Oklahoma that where "the language of the statute is plain and unambiguous and its meaning clear, no . . . rules of construction [apply] and its evident meaning must be accepted."Jackson v. Indep. Sch. Dist. No. 16, 648 P.2d 26,29 (Okla. 1982). In your inquiry, the language of 51 O.S. 2001, § 8[51-8] is plain and its meaning must be accepted.
Members of a school district board of education are elected under State laws. See 70 O.S. 2001, § 5-107A[70-5-107A](B). Title 51 O.S. 2001, § 8[51-8] sets forth a list of events that cause a vacancy to occur for an office created under State law, including but not limited to entering a guilty plea to a felony charge. Under the provisions of 51 O.S. 2001, § 8[51-8], it is the appointing authority who determines whether the facts giving rise to a vacancy in office have occurred. The independent school board, the authority authorized to fill such vacancy if it exists, must determine whether a vacancy has occurred.
 It is, therefore, the official Opinion of the Attorney General that:
 A member of an independent school district board of education who enters a guilty plea to a felony charge is automatically disqualified from holding that office upon the entering of the guilty plea. 51 O.S. 2001, § 8[51-8]. Under the provisions of 51 O.S. 2001, § 8[51-8] it is the appointing authority who determines whether the facts giving rise to a vacancy in office have occurred. The independent school board, the authority authorized to fill such vacancy if it exists, must determine whether a vacancy has occurred. 51 O.S. 2001, § 8[51-8].
W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
GLEN D. HAMMONDS ASSISTANT ATTORNEY GENERAL